FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2015 DEC 16 PM 12: 07

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

LISA E. NIELSEN

    Plaintiff

      v.

A.C. GONZALEZ, City Manager
for City of Dallas, Texas;  City of
Dallas;   John F. Warren, Dallas
Texas County Clerk, County Of
Dallas   and  DOES 1-10
Inclusive

    Defendants

CIVIL NO.    8:15CV456

COMPLAINT

---

COMES NOW Plaintiff and alleges the following:

### Subject Matter and Personal Jurisdiction Allegations

1.   This Court has subject matter jurisdiction under the Diversity clause, 28 USC section 1332. This Court has supplemental jurisdiction over Plaintiff's state law claims for equitable rescission; recovery for purchase funds; loss of use of moneys; and tortious interference with a business relationship.

2.   Plaintiff is a citizen of the state of Nevada.

3.   Defendants AC Gonzalez, City Manager for City of Dallas, Texas, City of Dallas Texas, and John F. Warren, Dallas County Clerk, and Dallas County are citizens of the State of Texas.  Complete diversity  between the parties exists in this action.

4.   The amount in controversy exceeds $75,000.

### General Allegations

5.   On December 16, 2010,  Plaintiff acquired by Deed  undeveloped commercial real property located in Dallas Texas for the purpose of developing  commercial buildings on that property through a third party contract with a developer Jim Keddington.  The property

was owned by the City of Dallas. Attached hereto as exhibit "1" is the Deed executed by the then City Manager for the City of Dallas. Defendant A.C. Gonzales, then an assistant city manager signing off on the deed, is now the City Manager.    The Deed was delivered to plaintiff electronically on December 28, 2010 by the City Managers office. Attached hereto are some email communications regarding the deeding transaction at hand between plaintiff and the City Manager's office.

6.    The third party contract with Jim Keddington, provided that Jim Keddington be conveyed one-half interest in title to the real property as part consideration for his building several commercial buildings on the property. Plaintiff was required to obtain a cash loan for Keddington in the amount of $200,000 and Keddington was required to contribute additional cash funds of $100,000 plus labor and materials for his interests in the construction of two buildings and a parking lot on said commercial property.

7.    In March of 2011, Plaintiff executed a deed for ½ interest in the real property to Keddington. Keddington forwarded the deed, along with a check to pay for the recording, to the Dalls County recorder that same month to be recorded. When the Dallas County recorder failed to record the Deed, Keddington emailed the Dallas County recorder complaining of the failure. See exhibit "3" attached for email. The Dallas County recorder continued to refuse to record the deed in favor of Keddington for no just cause.

8.    Keddington also contacted the Dallas County Appraisal district to complain about the property taxes to be assessed the property in light of the County Clerk's failure to record Keddington's Deed interest. The Dallas County Appraisal District emailed Keddington back indicating there was nothing they could do until the Dallas County clerk recorded Keddington's conveyance documents.    See exhibit "4" attached.

9.    Keddington filed a formal complaint with the Dallas County Appraisal District based on the County Clerk's failure to record his deeding documents. See exhibit "5" attached hereto.

10.    Because Defendant Warren failed and refused to perform his duty of office and record the Keddington conveyance deed, Keddington would not perform on the contract that he had with plaintiff for development of the commercial property. In the early part of 2012, Keddington canceled the contract with plaintiff as a direct result of Warren's failure to record the conveyance document on Keddington's behalf.

11.    Per the agreement between Plaintiff and Keddington, Plaintiff did obtain a loan

in the amount of $200,000 to improve the property. Plaintiff could not locate another contractor to meet the same contract conditions that Keddington agreed to, accordingly, the defendants conduct defeated in its entirety plaintiff's ability to secure economic advantage. Plaintiff was required to return the $200,000 loan funds and secured a transaction penalty of $9,868.00 which Plaintiff seeks to recover from the defendants.

11.    When Defendant Warren interfered with Plaintiff's commercial contract with Keddington and Plaintiff could not obtain a replacement for that contract, Plaintiff wrote the Dallas County clerk's office informing them that she wished to rescind the purchase of the commercial property based on tortious acts by county officials, in particular the Dallas county recorder. The Dallas City refused to respond to Plaintiff's request for recission so that they could charge plaintiff property taxes and penalties on the subject real property formerly held in title by the City of Dallas.

### FIRST CAUSE OF ACTION
### (EQUITABLE RESCISSION Against the City of Dallas
### And Manager A.C. Gonzalez)

13.    Plaintiff seeks equitable rescission of the sales contract with City of Dallas as authorized by the City Manager based on tortious conduct by the County Recorder that interfered with the purpose of purchasing the subject real property.

14.    Plaintiff has never paid the property taxes on the transaction and thereby engaged in any conduct that would constitute waiver. The City of Dallas was apprised in 2012 of Plaintiff's wish to rescind the contract sale based on the County Recorder's tortious conduct. The City of Dallas has thus never assessed property taxes to plaintiff to date based on Plaintiff's demand for rescission, nor has the City of Dallas commenced foreclosure proceedings on the subject real property as a result of Plaintiff's earlier demand of rescission. The City of Dallas however has never returned Plaintiff's purchase funds in the amount of $40,100.05 and the City of Dallas has deprived Plaintiff of the loss of use of her purchase monies in the amount of 10% per annum totaling interest losses of $20,050.25 at the time this complaint was filed.

15.    Plaintiff seeks a judgment by this court of Equitable Rescission of the Sales Contract and Deed found at exhibit "1" attached.

## SECOND CAUSE OF ACTION
### (RECOVERY AND LOSS OF USE DAMAGES)

16. Plaintiff is entitled to recover the following certain sums of money from the City and County of Dallas upon a decree of equitable rescission.

17. $40,100.50 for the purchase price of the property.

$20,050.25 for Interest on the loss of use of plaintiff's moneys to date.

$9,868.00 in transaction fees to acquire a $200,000 loan.

$6,700 in personal liability insurance to cover any personal injuries on the property while title held in plaintiff's name in the total amount of:

$76,718.75

18. Plaintiff also seeks prejudgment and post judgment interest on this amount.

## THIRD CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### Against Dallas County and Dallas County Clerk Warren)

19. The defendants did tortiously interfere with Plaintiff's third party business contract and relations to plaintiff's substantial injury.

20. There existed a valid business relationship and expectancy between Plaintiff and a Jim Keddington. The County Defendants were aware of this business relationship. The County Defendants unjustifiably and intentionally interfered with that relationship and business expectancy, that interference caused the harm sustained by Plaintiff, and Plaintiff suffered damages from her inability to open up and operate two diet centers in Dallas Texas as a result of the interference.

## FOURTH CAUSE OF ACTION
### (INJUNCTIVE RELIEF FOR TURN OVER OF ALL LIABILITY POLICIES)

21. Plaintiff alleges that the County defendants have general commercial liability policies that address the tort claims at hand. The municipal entities are not covered under immunity laws as their commercial conduct in issue was strictly private in nature.

22. As such Plaintiff requests injunctive relief directing the defendants to produce the questioned policies at issue.

WHEREFORE, Plaintiff prays as follows:

1. For Equitable Rescission;
2. For the recovery of $76,718.75 expended by Plaintiff;
3. For Special, General and punitive damages as the law may allow for plaintiff's Third cause of action;
4. For pre and post judgment interest;
5. For attorneys fees as the law may allow;
6. For turn over of all insurance liability policies as provided under FRCP rule 26.
7. For trial by jury;
8. For all equitable and other injunctive relief as the law may allow.

Dated:  December 7, 2015

Lisa E. Nielsen
700 S. Oak Street
Kimball,  Nebraska 69145
(402) 413-5356
Attorney Pro Se

1

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY AND ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

# QUITCLAIM DEED

201000320877

12/16/2010 10:35:51 AM        DEED  1/5

STATE OF TEXAS   •

  •    KNOW ALL PERSONS BY THESE PRESENTS:

COUNTY OF DALLAS   •

That the City of Dallas, a Texas municipal corporation, for itself, and as trustee for the taxing units receiving tax title under that one certain Sheriff's Deed, recorded in Book **2003195** Page **6839**, of the Official Real Property Records of the county in which the property is located (hereinafter "GRANTORS"), for and in consideration of the sum of: **Forty Thousand One Hundred and 50/100 Dollars, $40,100.50**, the receipt of which is hereby acknowledged, and the further consideration set forth herein below, releases, quitclaims and surrenders to the below-named GRANTEE such title or interest as GRANTORS may have acquired, if any, by virtue of tax foreclosure proceedings and as purchaser under said Sheriff's Deed, and by these presents and in accordance with Resolution No. **10-2758** approved by the Dallas City Council on **October 26, 2010** and with the consent and approval and on behalf of said taxing units, pursuant to Dallas County Commissioners Court Order No. **2004 055** approved **January 6, 2004**, and Dallas Independent School District Resolution No. **44811** approved **January 29, 2004**, does hereby release, quitclaim and surrender, subject to the terms, conditions, provisions and restrictions herein set forth, unto **Lisa E. Nielsen** of **14 South Baltic Place, Meridian, ID 83642**, ("GRANTEE") herein, all GRANTORS' right, title and interests, if any, save and except any interest not acquired by said Sheriff's Deed; any and all easements, rights-of-way, and prescriptive rights, whether of record or not, including but not limited to those in favor of GRANTORS; all presently recorded instruments that affect the property; and subsequent taxes and assessments for prior years due to changes in land usage, ownership, or both, the payment of which GRANTEE assumes in and to the following described real property situated in Dallas County, Texas ("Property"), to wit:

**TRACT 10, 9.942 ACRES OF J. B. RICHARDS SURVEY, ABSTRACT NO. 1192, SITUATED IN CITY BLOCK 6876, IN THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, AS SHOWN BY A DEED RECORDED IN VOLUME 98218 PAGE 143 OF THE DEED RECORDS OF DALLAS COUNTY, TEXAS AND MORE FULLY DESCRIBED IN THE DEED AND INCORPORATED HEREIN FOR ALL PURPOSES, AND MORE COMMONLY ADDRESSED AS 5835 KITTY, DALLAS, DALLAS COUNTY, TEXAS, the "Property".**

This Quitclaim is made subject to and GRANTEE acknowledges the right of redemption as provided in Sections 34.05 and 34.21 of the Texas Property Tax Code. This Quitclaim is also made subject to GRANTEE's representation and agreement that GRANTEE did not purchase the Property on behalf of a Prohibited Person, as hereinafter defined, and, that GRANTEE will not sell or lease the Property to a Prohibited Person. A "Prohibited Person" shall mean any party who was named as a defendant in the legal proceedings at which the City obtained a final judgment in a District Court in Dallas County, Texas for delinquent taxes and an order to foreclose its tax lien on the Property. GRANTEE's agreement shall be for five (5) years from execution of the Quitclaim Deed, and any breach or violation thereof may be enforced by GRANTORS against GRANTEE at law or in equity to require the correction of the violation. GRANTEE further agrees that if GRANTORS substantially prevail in a legal proceeding to enforce these terms, conditions, and restrictions, GRANTORS shall be entitled to recover damages, reasonable attorney fees, and court costs from GRANTEE. GRANTEE's agreement to these terms, conditions and restrictions is a material representation and part of the consideration for this transaction.

**IN ACCEPTING THE QUITCLAIM OF THIS PROPERTY, GRANTEE EXPRESSLY ACCEPTS THE PROPERTY IN "AS IS" CONDITION, WITH ALL ITS FAULTS, IF ANY. GRANTEE IS NOT RELYING ON**

ANY REPRESENTATIONS, DISCLOSURES OR NON-ASSERTIONS BY THE CITY OF DALLAS IN CONNECTION WITH THE PURCHASE OF THE PROPERTY. GRANTEE EXPRESSLY ASSUMES RESPONSIBILITY FOR ANY ENVIRONMENTAL PROBLEMS ON OR WITH THE PROPERTY. GRANTEE RELEASES ANY RIGHTS, AT LAW OR IN EQUITY, GRANTEE MAY HAVE AGAINST THE GRANTORS, THEIR OFFICERS, AGENTS, AND EMPLOYEES, IN CONNECTION WITH THIS TRANSACTION. FURTHER, GRANTEE RELEASES GRANTORS, THEIR OFFICERS, AGENTS, AND EMPLOYEES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION IN CONNECTION WITH THE BIDDING, TERMS, CONDITIONS, AND SALE OF THIS PROPERTY. THIS RELEASE ALSO IS BINDING ON GRANTEE'S SUCCESSORS, HEIRS, AND ASSIGNS. GRANTEE IS LIABLE FOR THE PRO RATA PROPERTY TAXES ASSESSED FROM THE DATE OF EXECUTION OF THIS DEED FOR THE REMAINING PART OF THE THEN CURRENT CALENDAR YEAR.

**TO HAVE AND TO HOLD,** subject to the aforesaid, all of our right, title and interest, if any, in and to the above described property and premises, unto the said GRANTEE, his heirs, successors and assigns forever, so that GRANTORS and our legal representatives, successors and assigns shall not have, claim or demand any right or title to the aforesaid property, premises or appurtenances or any part thereof, subject to the exceptions and reservations herein stated.

**EXECUTED** this 10th day of DECEMBER , A.D. 2010.

**ATTEST:**

By: _____
**DEBORAH WATKINS, City Secretary**

**CITY OF DALLAS**
**MARY K. SUHM, City Manager**

By: _____
Assistant City Manager

**APPROVED AS TO FORM:**
**THOMAS P. PERKINS, JR., City Attorney**

By: _____
Assistant City Attorney

**THE STATE OF TEXAS** •
**COUNTY OF DALLAS** •

This instrument was acknowledged before me on December 6, 20l1 by A.C. Gonzalez , Assistant City Manager of the City of Dallas, a Texas municipal corporation, on behalf of said municipal corporation and as trustee on behalf of the taxing units receiving tax title under that one certain Sheriff's Deed, recorded in Book **2003195** Page **6839**, of the Official Real Property Records of the county in which the property is located, pursuant to Chapter 34 of the Texas Property Tax Code.

_____
Notary Public in and for the State of Texas

After recording return to:
City of Dallas, Department of Sustainable Development and Construction, Real Estate Division
320 E. Jefferson Blvd., Room 203
Dallas, TX 75203
Attn: Ann Carraway Bruce

Property Address: 5835 Kitty
35831/acb
TAXQCD/judicial

# The State of Texas,

County of **DALLAS**

**Know All Men by These Presents:**

THAT I, **William Thompson, Grantor**

of the County of **Dallas** State of **Texas** for and in consideration

of the sum of **$ 10.00**

Ten ——————————————————————————————— **DOLLARS**

to me in hand paid by **Betty J. Scott, Grantee**

as follows:

**358336**

11/06/98 1874857 $12.00
Deed

have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey, unto the said ·

**Grantee**

whose mailing address is

of the County of **Dallas** State of **Texas** all that certain

**SEE EXHIBIT "A"**

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said **Grantee**

heirs and assigns forever and **Grantor** do hereby bind **Himself, His**
heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said
**Grantee**
heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.
WITNESS hand at
this **11TH** day **OCTOBER** 19 **98**
Witness at Request of Grantor:

*William Thompson*

(Acknowledgment)

STATE OF TEXAS
COUNTY OF **DALLAS**

This instrument was acknowledged before me on the **11th** day of **OCTOBER** , 19 **98**

by **William THompson**

My commission expires
**12 - 27 - 2000**

DARRYL G. BRIGHAM
Notary Public, State of Texas
My Commission Expires
12-27-2000

Notary Public, State of Texas
Notary's printed name: DARRYL G. BRIGHAM

98218 00143

00242

Exhibit "A"

## EXHIBIT A

Being a 10,020 acre tract of land, out of theJ. B. RICHARDS SURVEY, Abst. #1192, and described by metes and bounds as follows;

BEGINNING AT THE EAST corner of a tract of land conveyed to Menard Gregg by Garnett Thomas on September 25, 1947, and said point being 326.7 feet North 30 degrees West of the Northwest line of Persimmon Road;

THENCE 1243.0 feet North 23 degrees 43 minutes west to an iron stake for corner, and being 13.0 feet past the North line of the Menard Gregg tract;

THENCE 68.8 feet North 30 degrees 05 minutes East to an iron pipe for corner;

THENCE 305.5 feet North 78 degrees 06 minutes East to an iron pipe for corner;

THENCE 1175.5 feet South 23 degrees 43 minutes East to corner;

THENCE 357.2 feet South 59 degrees 02 minutes West to the place of BEGINNING.

98218 00144

3

FILED

98 NOV -4 PM 12:47

EARL BULLOCK
COUNTY CLERK
DALLAS COUNTY

00244

Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
12/16/2010 10:35:51 AM
$32.00

Any provision herein which restricts the sale, rental, or use of the described real property because of color or race is invalid and unenforceable under federal law.
STATE OF TEXAS        COUNTY OF DALLAS
I hereby certify this instrument was filed on the date and time stamped herein by me and was duly recorded in the volume and page of the named records of Dallas County, Texas as stamped hereon by me.

NOV 6 1998


COUNTY CLERK, Dallas County, Texas

201000328877

RETURN TO:

NAME Betty Scott

2130 HARRELL

DALLAS, TX. 75203

9B218 00145



2



elham nielsen <elhamnielsen@gmail.com>

## (no subject)
1 message

elham nielsen <elhamnielsen@gmail.com>                    Fri, Nov 19, 2010 at 8:40 AM
To: margaret.bruce@dallascityhall.com

Dear Ms. Bruce. I am sending you this confirmation via email that the balance due is be forwarded to you as we
speak on the 5835 Kitty property. Please make arrangements to have the deed recorded before the year end



elham nielsen <elhamnielsen@gmail.com>

## 5835 Kitty

1 message

**Bruce, Margaret** <margaret.bruce@dallascityhall.com>
To: elham nielsen <elhamnielsen@gmail.com>

Wed, Dec 8, 2010 at 2:36 PM

Currently the deeds are being signed off by the City Attorney. Once they are signed off, they are routed to Dallas County for filing. The Account Division cuts checks for this process. All of these processes take place at City Hall and my office is not located in City Hall. I cannot really give you a specific time frame since these processes are not under my control. Presently I would guesstimate at least another two weeks. Thank you.

# Ann Carraway Bruce

Sr. Real Estate Specialist

320 E. Jefferson, Room 203

Dallas, TX 75203

214-948-4103

214-948-4083 (fax)

margaret.bruce@dallascityhall.com

www.pgt.dallascityhall.com


REdeveloping
our City

---

**image001.png**



REdeveloping
our City

3



james keddington <jimkeddington@gmail.com>

## why hasnt deed been recorded?
1 message

james keddington <jimkeddington@gmail.com>
To: lynda.hood@dallascounty.org

Mon, Apr 4, 2011 at 9:49 AM

On March 10, 2011 we sent to the Dallas county recorder by tracked mail delivery - the attached deed with a check paying for the recording of the deed. Your office received our tracked mailing on March 12, 2011. To date this deed has not been recorded. We need this deed recorded so that I can file property tax exemptions before the deadline April 15, 2011. As noted in the deed, the transfer date was December 27, 2010.

📄 413K    deed james keddington.pdf

4

[Quoted text hidden]

---

**Smith, Wanda** <SmithW@dcad.org>
To: james keddington <jimkeddington@gmail.com>

Wed, Apr 13, 2011 at 5:25 AM

It is our Policy that the conveyance documents be filed for records with the Clerks office.

---

**From:** james keddington [mailto:jimkeddington@gmail.com]
**Sent:** Wednesday, April 13, 2011 6:38 AM
**To:** Smith, Wanda
**Subject:** Re: 2011 exemptions

[Quoted text hidden]

5



james keddington <jimkeddington@gmail.com>

# 00000639835000000 - 5835 KITTY ST (Protest)
1 message

Averre, Krysta <AverreK@dcad.org>    .          Thu, May 19, 2011 at 6:38 AM
To: "jimkeddington@gmail.com" <jimkeddington@gmail.com>

The Dallas Central Appraisal District (DCAD) has received your protest via email; however, the Appraisal Review Board (ARB) will not accept protest filings by facsimile or e-mail submissions.

A protest for residential or commercial properties, must be received on or before May 31, 2011, by using the uFile system on the DCAD's website, via US Mail, or by personal hand delivery.

Beginning on May 1st, you may file your protest using the uFile system on the Dallas Central Appraisal District's website (www.dallascad.org), you simply search for your property using the Search Appraisal function in the Navigation Links box to the left of the screen (http://www.dallascad.org/SearchOwner.aspx). You may search by Owner Name, Address or Account Number. Once you are on the details page of your property, simply click on the "Online Protest" link and it will take you through the steps to file your protest online. The Online Protest link is beneath DCAD Property Map link and above the Print Homestead Exemption Form link. You may also request your individual PIN # through this system for easy access. This can be done when utilizing the Online Protest Program, uFile. If you file a protest online under the Online Protest Program, uFile, please do not file a manual or duplicate protest on the property account.

Please contact this office if you have further questions.

Thank you,

Krysta Averre, RPA CTA

Assistant Manager, Property Records / Exemptions

Dallas Central Appraisal District

2949 N Stemmons Freeway

Dallas, TX 75247

214-631-1342 office

averrek@dcad.org

From: james keddington [mailto:jimkeddington@gmail.com]
Sent: Wednesday, May 18, 2011 5:08 PM
To: Smith, Wanda
Subject: tax protest

Dear Ms. Smith. Please find attached my tax protest form with attached documents. I submitted my deed to the Dallas County clerk in early April of 2011. The clerk failed to record my deed.

HOLLIE TELFORD
935 WILDERNESS TRAIL
GREEN RIVER, WY 82935
fax no. 307-212-6888

FILED
DISTRICT COURT
THIRD JUDICIAL DISTRICT
SWEETWATER COUNTY WY

DEC 1 5 2015

DONNA LEE BOBAK
CLERK OF COURT
BY_____
DEPUTY CLERK



# IN THE THIRD JUDICIAL DISTRICT COURT FOR THE STATE OF WYOMING
# IN AND FOR THE COUNTY OF SWEETWATER

HOLLI LUNDAHL

    Plaintiff

    vs.

MARY CORPORON, LILIA CHAVARIN, et al.

    ` Defendants

**DOCKET NO. C-14-659-L**

**APPENDIX OF TORT CASES BROUGHT AGAINST BANKS SUPPORTING:**

**VERIFIED**

**W.R.C.P. RULE 59(a) (1), (2), (6) and (8) And (e) MOTION TO DIRECT ENTRY OF A NEW AND CORRECT JUDGMENT**

---

    COMES NOW Plaintiff and provides this court with an appendix of tort cases whereby persons have sued JP Morgan Chase bank for torts inflicted by WAMU and wherein said tort cases passed onto CHASE bank without any mention of FIRREA.

    Exhibit "1" : ORAMULU v. WASHINGTON MUTUAL BANK, *C.A. NO. H0800277* (S.D. Tex. 2009).
        Former employee of WAMA sued WAMU for false imprisonment after accusing the employee of a theft crime, interviewing the employee in a confined room for 8 hours, telling the employee that he was going to prison, and directing the employee not to leave the building until given permission to do so. According to footnote 2, CHASE became the party liable to ORAMULU as the acquisition party of WAMU's assets. CHASE stepped in and continued the defense. **No mention was made of FIRREA because it did not apply to personal tort claims.**

    Exhibit "2" : Rogers v. JPMorgan Chase Bank, N.A., 2012 U.S. Dist. LEXIS 82817 (W.D. Wash. June 13, 2012) (Robart, J.):
        Identity theft occurred on a plaintiff's accounts with WAMU. Reports were

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lisa E. Nielsen | A.C. Gonzalez, City Manager Dallas, Texas |

| (b) County of Residence of First Listed Plaintiff    Kimball County | County of Residence of First Listed Defendant    Dallas County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| PRO SE | Not Known |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC section 1332- Diversity statute

Brief description of cause:
Rescission, recovery, loss of use of money and tortious inference with business

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ $1.3 million | CHECK YES only if demanded in complaint: , JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE 12/6/2015 | SIGNATURE OF ATTORNEY OF RECORD *Lisa E. Nielsen* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



PRESS FIRMLY TO SEAL

 1007 68102



U.S. POSTAGE
PAID
ROCK SPRINGS, WY
82901
DEC 15 15
AMOUNT
**$19.99**
R2304M115485-08

RECEIVED

DEC 1 6 2015

CLERK
U.S. DISTRICT COURT
OMAHA

# PRIORITY
## ★ MAIL ★
# EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

EL 16720353 8US

[L16720353&US

**UNITED STATES POSTAL SERVICE ®**

**PRIORITY ★ MAIL ★ EXPRESS™**



MUST BE
DELIVERED
BY DECEMBER
16, 2015
TO FEDERAL
COURT
IN NEBRASKA

**WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.**

≡EMS≡

**EP13F July 2013  OD: 12.5 x 9.5**



P S 1 0 0 0 1 0 0 0 0 0 6

VISIT U
ORDER FR

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**
**FROM:** (PLEASE PRINT)  PHONE ( )
Lisa Nielsen
700 S. Oak St
Kimball, NE
69145

**PAYMENT BY ACCOUNT (if applicable)**

**DELIVERY OPTIONS (Customer Use Only)**
☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)  PHONE ( )
United States District
Court - Nebraska
111 S. 18th PLAZA
Ste # 1152
ZIP + 4® (U.S. ADDRESSES ONLY) Omaha, NE
6 8 1 0 2

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance included.

| ORIGIN (POSTAL SERVICE USE ONLY) | | | |
|---|---|---|---|
| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage | |
| 82901 | 12/17/15 | $ 19.99 | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
| 12/15/15 | ☐ 10:30 AM ☑ 3:00 PM ☐ 12 NOON | $ | $ |
| Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
| 3:57 ☐ AM ☐ PM | $ | $ | |
| Weight ☐ Flat Rate | Sunday/Holiday Premium Fee | Total Postage & Fees | |
| lbs. 6 ozs. | $ | $ 19.99 | |
| | Acceptance Employee Initials | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, SEPTEMBER 2015  PSN 7690-02-000-9996  3-ADDRESSEE COP