IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA E. NIELSEN, | ) | 8:15CV456 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A. C. GONZALEZ, City Manager | ) | MEMORANDUM |
| for City of Dallas, Texas; CITY OF | ) | AND ORDER |
| DALLAS; JOHN F. WARREN, | ) | |
| Dallas Texas County Clerk; | ) | |
| COUNTY OF DALLAS; and | ) | |
| DOES 1-10 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v.*

*Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff's Complaint invokes this court's diversity jurisdiction under 28 U.S.C. § 1332 and asserts state-law claims for equitable rescission and tortious interference with business relations. For purposes of initial review, and without prejudice to Defendants' ability to assert that the Complaint fails to state a claim upon which relief can be granted, the court finds Plaintiff's allegations are sufficient to nudge these claims across the "plausibility" line.

Accordingly,

IT IS ORDERED:

1. Plaintiff's claims against Defendants may proceed and service is now warranted.

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOUR summons forms and FOUR USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summonses and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P.

[4](#) and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

      4. [Fed. R. Civ. Pro. 4](#) requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

      5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

      6. The Clerk of the court is directed to set a management deadline in this case with the following text: "August 26, 2016: Check for completion of service of summons."

      7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 26th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge