IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA E. NIELSEN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 8:15-CV-456-RFR-TDT |
| | § | |
| A.C. GONZALEZ, *et al.*, | § | |
| Defendants. | § | |

# BRIEF IN SUPPORT OF
# DEFENDANTS A.C. GONZALEZ AND CITY OF DALLAS' MOTION TO DISMISS

For the reasons set forth below, Defendants A.C. Gonzalez and the City of Dallas (the "City Defendants") respectfully move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(2), (3) and (6), to dismiss this action against them for lack of personal jurisdiction, lack of proper venue, and failure to state a claim, respectively.

## I. BACKGROUND

The City Defendants adopt and incorporate herein by reference the General Background contained in Defendants Warren and Dallas County's motion to dismiss and brief in support (Doc. No. 28).

## II. ARGUMENT AND AUTHORITIES

**A. The Court lacks personal jurisdiction.**

The City Defendants join in, adopt and incorporate herein by reference the Argument and Authorities contained in Defendants Warren and Dallas County's motion to dismiss and brief in support (Doc. No. 28).

### B. Nebraska is an improper venue.

The City Defendants join in, adopt and incorporate herein by reference the Argument and Authorities contained in Defendants Warren and Dallas County's motion to dismiss and brief in support (Doc. No. 28).

In addition, the City Defendants draw the Court's attention to Texas' venue statute, Vernon's Texas Statutes and Codes Annotated, Civil Practice & Remedies Code §15.011, which provides:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Once it is determined by the facts alleged in the plaintiff's petition, the rights asserted, and the relief sought, that the nature of the suit involves recovery of interest in real property, the venue of the suit is properly fixed under this mandatory venue provision. Tex. Civ. Prac. & Rem. Code §15.011; *see also*, *e.g.*, *In re Signorelli Co., Inc.*, 446 S.W.3d 470, 474 (Tex. App. 2014) ("Certain kinds of suits involving land must be filed in the county where the property is located"; "once it is demonstrated that the court's judgment would have some effect on an interest in real property, the venue of the suit is properly fixed under section 15.011").

### C. Plaintiff has failed to state a claim against the City Defendants upon which relief can be granted.

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In deciding a Rule 12(b)(6) motion, factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

The sufficiency of a complaint challenged by a Rule 12(b)(6) motion is assessed using a two-pronged approach. *Id.* First, a court identifies and disregards conclusory allegations because they are "not entitled to the assumption of truth." *Id.* at 664. The tenet that a court must accept a complaint's allegations as true "is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663. Second, the court considers the pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. *Id.* at 664. This evaluation is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

Nielson has asserted two causes of action against the City Defendants: (1) equitable rescission (Doc. No. 1 at ¶¶13-15), and (2) recovery of damages based on the equitable rescission claim, including purchase price of the property, loan transaction fees, insurance premiums, loss of use, and pre- and post-judgment interest. (Doc. No. 1 at ¶¶16-18). The equitable rescission claim is "based on tortious conduct by the County Recorder that interfered with the purpose of purchasing the subject real property." (Doc. No. 1 at ¶13.)

Nielson has failed to plead facts to support a legally plausible claim for rescission. Rescission is an equitable remedy that seeks to set aside an otherwise legal contract due to fraud, mistake, or for some other reason when it is necessary to avoid unjust enrichment of the non-complaining party to the contract, so that the parties thereto may be restored, insofar as is possible, to the status or position they were in prior to execution of the contract. *City of The Colony v. North Texas Mun. Water Dist.*, 272 S.W.3d 699, 732 (Tex. App. 2008). Rescission is thus an "undoing" of the contract and generally used as a substitute for monetary damages when such damages would not be adequate. *Id.*

Furthermore, Nielson has failed to state a legally plausible claim for relief against the City Defendants because there is no waiver of governmental immunity. Like many states, Texas has enacted a limited statutory waiver of its sovereign immunity. To establish subject-matter jurisdiction against a governmental unit, a plaintiff's pleading must establish, either by reference to a statute or express legislative permission, the legislature's consent to its lawsuit, otherwise immunity from suit will deprive the court of subject-matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

Texas Local Government Code Chapter 271 provides a limited waiver for certain written contracts. Tex. Loc. Gov't Code §271.152. For the waiver to apply, the contract must be in writing stating the essential terms of the agreement, and it must be for providing goods or services to the local governmental entity. Tex. Loc. Gov't Code §271.151(2).

The agreement at issue was solely for the acquisition of real property located in Dallas, Texas. The deed (Plaintiff's Exhibit 1) was executed in December 2010. According to the Complaint, Nielsen later executed a deed for a one-half interest in the real property to a third party in March 2011. Based on the facts asserted by Nielson in the Complaint, there is no basis for a

legally plausible claim for rescission or for damages with respect to the December 2010 deed, and even if the Complaint had asserted a waiver of immunity, the deed is not the type of agreement for which any waiver of immunity is recognized. Several Texas courts have concluded that leases or sale of real property interests do not involve the sale of goods or services. *See*, *e.g.*, *Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25, 32 (Tex. App. 2006); *Wasson Interests, Ltd. v. City of Jacksonville*, No. 12-13-00262-CV; 2014 WL 3368413, at *3 (Tex. App. July 9, 2014) (mem. op.), *rev'd on other grounds*, 489 S.W.3d 427 (Tex. 2016).

### III. CONCLUSION

For the foregoing reasons, Defendants A.C. Gonzalez and the City of Dallas request that the Court grant this motion and enter an Order dismissing Nielsen's Complaint for lack of personal jurisdiction, lack of proper venue, and failure to state a claim. Defendants further request an award of such other and further relief as the Court deems just and equitable.

Dated this 16th day of September, 2016.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher D. Bowers
Interim Dallas City Attorney

By: */s/ Melissa J. Papaleo*
MELISSA J. PAPALEO
Senior Assistant City Attorney
Texas State Bar No. 24095452
melissa.papaleo@dallascityhall.com
Admitted *pro hac vice*

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622

ATTORNEYS FOR DEFENDANTS
A.C. GONZALEZ and CITY OF DALLAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 16, 2016, the above and foregoing Brief was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties of record.

/s/ Melissa J. Papaleo
MELISSA J. PAPALEO
Senior Assistant City Attorney
Texas State Bar No. 24095452
melissa.papaleo@dallascityhall.com
Admitted *pro hac vice*
7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622