IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA E. NIELSEN, | | |
| Plaintiff, | | **8:15CV456** |
| vs. | | |
| A. C. GONZALEZ, City Manager for City of Dallas, Texas;  CITY OF DALLAS, JOHN F. WARREN, Dallas Texas County Clerk; COUNTY OF DALLAS; and DOES 1-10, | | **ORDER** |
| Defendants. | | |

This matter is before the Court on Defendants John F. Warren ("Warren") and County of Dallas's ("County") Motion to Dismiss (Filing No. 28) and Defendants A.C. Gonzalez ("Gonzalez") and the City of Dallas's ("City" and collectively, "defendants") Motion to Dismiss (Filing No. 29) this action pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), and (6).  Pro se Plaintiff Lisa E. Nielsen ("Nielsen") has not filed any opposition or other response to either motion.  For the reasons stated below, this case is dismissed without prejudice.

## I.    BACKGROUND

The facts are based on the allegations in the Complaint (Filing No. 1) and presented in the light most favorable to Nielsen.  *Radaszewski v. Telecom Corp.,* 981 F.2d 305, 310 (8th Cir. 1992).  Those allegations pertinent to this motion follow.

On December 16, 2010, Nielsen, a Nevada citizen, acquired almost ten acres of undeveloped commercial property in Dallas, Texas by quitclaim deed from the City. Gonzalez, an Assistant City Manager at the time and now the City Manager, is named on the deed.  Nielsen, planning to develop commercial buildings on the property, entered into a third-party contract with developer Jim Keddington ("Keddington") under which

Nielsen would transfer half of her interest in the property to Keddington in exchange for him constructing two buildings and a parking lot on the property.

In March 2011, Nielsen conveyed half her interest in the property to Keddington as agreed, but he was unable to record the deed with the County.  As a result, Keddington cancelled the development contract.  Nielsen has been unable to find another developer to complete the project.  Nielsen blames Warren, the county clerk, for "fail[ing] and refus[ing] to perform his duty of office and record the Keddington conveyance deed."  Nielsen told the City "she wished to rescind the purchase of the property based on tortious acts by county officials," but the City refused.

On December 16, 2015, Nielsen filed suit in the District of Nebraska, alleging diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  Nielsen seeks to rescind the sales contract with the City and recover the damages she allegedly suffered as a result of the failed contract.  The defendants have moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(2), (3), (6).

## II.   DISCUSSION

### A.   Personal Jurisdiction

To survive the defendants' motions to dismiss for lack of personal jurisdiction, Nielsen "must state sufficient facts in the complaint to support a reasonable inference that [each] defendant[] may be subjected to jurisdiction in" Nebraska.  *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).  "A federal court may assume jurisdiction over a defendant in a diversity action if the forum State's long-arm statute permits the exercise of personal jurisdiction and that exercise is consistent with the Due Process Clause of the Fourteenth Amendment" to the U.S. Constitution.  *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015).

Because the Supreme Court of Nebraska has construed Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536, to extend Nebraska's jurisdiction over non-resident defendants "as far as the U.S. Constitution permits," *Wagner v. Unicord Corp.*, 526 N.W.2d 74, 77 (Neb. 1995), this Court must only decide "if the exercise of jurisdiction comports with due process." *Creative Calling Sols., Inc.*, 799 F.3d at 979. "Due process requires 'minimum contacts' between a nonresident defendant and the forum state, such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Steinbuch*, 518 F.3d at 585 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)).

In evaluating whether personal jurisdiction exists, "[t]he central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003). Personal jurisdiction can be either general or specific. *Steinbuch*, 518 F.3d at 586. "Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)).

"Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities." *Steinbuch*, 518 F.3d at 586. Over time, "specific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction has played a reduced role." *Daimler AG v. Bauman*, 571 U.S. ___, ___, 134 S. Ct. 746, 754 (2014) (internal marks omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011)). "To assess whether a defendant

3

has purposefully availed itself of the forum and established minimum contacts, we examine the nature, quality, and quantity of the defendant's contacts with the forum State and the connection between the cause of action and those contacts." *Creative Calling Sols., Inc.*, 799 F.3d at 980.

Applying these standards here, the Court finds Nielsen has not stated sufficient facts in her Complaint to support a reasonable inference that any of the defendants is subject to personal jurisdiction in Nebraska. *See, e.g.*, *Steinbuch*, 518 F.3d at 585. Nielsen has not alleged anything indicating that any defendant made any contact with Nebraska at all, much less that they purposefully availed themselves of the privilege of conducting any activity in the state and established minimum contacts here. *See, e.g.*, *Pecoraro*, 340 F.3d at 562.

Based on the allegations in the Complaint, none of the parties in this case, including Nielsen herself,[1] had any relevant connection to Nebraska. The named defendants are all Texas citizens, the property at the center of Nielsen's claims is in Texas, and all of the relevant activity (or lack thereof) took place in Texas. Under the circumstances, the named defendants are not subject to personal jurisdiction in Nebraska.

### B.     Fictional Defendants

In the caption of her Complaint, Nielsen also names fictitious parties—Does 1-10—as defendants in this action. In general, under controlling Eighth Circuit precedent, "it is impermissible to name fictitious parties as defendants," unless "the complaint makes allegations specific enough to permit the identity of the party [whose name is unknown] to be ascertained after reasonable discovery." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (concluding "that dismissal was proper as to 'various other John Does to be name when identified'").

---

[1]In the Complaint, Nielsen avers she is a Nevada citizen. The docket sheet indicates she now has a Wyoming address.

Here, Nielsen's only reference to the Does is in the caption. She never mentions them again in her Complaint. Given the absence of any specific allegations regarding the Does in the Complaint, the Court finds they should be dismissed.

## III.   CONCLUSION

Nielsen has failed to allege sufficient facts to establish the defendants are subject to personal jurisdiction in Nebraska.[2]  Accordingly,

IT IS ORDERED:

1.   Defendants John F. Warren and County of Dallas's Motion to Dismiss (Filing No. 28) is GRANTED.

2.   Defendants A.C. Gonzalez and the City of Dallas's Motion to Dismiss (Filing No. 29) is GRANTED in part and DENIED in part.

3.   This case is dismissed without prejudice.

Dated this 12th day of October, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge

---

[2]Because the Court finds Nielsen has failed to establish personal jurisdiction, the Court need not consider the defendants' remaining arguments for dismissal.

5